F I L E D
United States Court of Appeals
Tenth Circuit

NOV 6 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERNON NORMAN EARLE,

Petitioner - Appellant,

v.

IMMIGRATION AND
NATURALIZATION SERVICE; DON
STEWART, Warden, Torrance County
Correctional Facility,

Respondents - Appellees.

No. 01-2369
D.C. No. CIV-01-158 JP/LFG
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vernon Norman Earle appeals from the dismissal of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2241. Although he is currently incarcerated in a federal facility pursuant to a deportation order, Mr. Earle is serving state sentences for murder and other crimes and is considered to be a state prisoner for the purpose of applying 28 U.S.C. § 2253(c)(1)A) (providing that a state prisoner must be granted a certificate of appealability (COA) to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (applying § 2253(c)(1)(A) to state prisoners applying for relief under § 2241).

To be entitled to a COA, Mr. Earle must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong," or that the questions presented deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Mr. Earle based his habeas claim on a lack of due process, alleging that his deportation proceedings were unlawfully initiated before the appeal of his criminal convictions was final, and that the Immigration and Naturalization Service failed to follow regulations. The relief he sought was issuance of an

order requiring his immediate deportation so that he would not be required to complete his state-ordered prison terms. The district court held that it had no "jurisdiction to order that [Mr.] Earle's [state] sentence be cut short so that he may be deported immediately." R. Doc. 20 at 2. Mr. Earle gives no cogent reason supported by relevant legal authority why this ruling is erroneous. For substantially the same reasons recommended by the magistrate judge and adopted by the district court in its November 16, 2001 order, we conclude that Mr. Earle cannot make the requisite showing to establish his right to appeal from the court's denial of his petition, and we therefore deny his request for a COA.

Mr. Earle filed a "Motion to Please Take Judicial Notice" in which he challenges what he characterizes as the district court's "change [of] title" of his petition brought pursuant to § 2241 into a petition brought pursuant to 28 U.S.C. § 2255. We note that the district court simply made a typographical error in its order issued January 4, 2002, when it stated that Mr. Earle's habeas petition was brought under § 2255. In the same order, the district court refused to alter or amend its original judgment, which clearly denominated the petition as one brought pursuant to § 2241. The motion to take judicial notice is DENIED.

We DENY the request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge